# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL LEWIS BULLOCK,
      Appellant,

            v.

DEPARTMENT OF VETERANS
      AFFAIRS,
            Agency.

DOCKET NUMBER
SF-1221-23-0255-W-1

DATE:  February 19, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Lewis Bullock, Ontario, California, pro se.

Christian C. Pappas, Esquire, San Diego, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

On March 15, 2023, the appellant filed the instant IRA appeal, asserting that he was terminated from two positions while in a probationary period in reprisal for making two protected disclosures. Initial Appeal File (IAF), Tab 16 at 10-13. Throughout the course of adjudication, the appellant stopped responding to orders and participating in the adjudicatory process. IAF, Tab 26. Following a show cause order, the administrative judge issued an initial decision on June 8, 2023, finding that the appellant failed to exercise basic due diligence in prosecuting his appeal. IAF, Tab 27, Initial Decision (ID) at 3-4. Accordingly, he dismissed the appeal for failure to prosecute. ID at 4. He also explained that the initial decision would become final on July 13, 2023, unless a petition for review was filed by that date. *Id.*

On October 19, 2023, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. Therein, he again asserts that he was terminated twice for "being a [w]histleblower." *Id.* at 3. He also explains that he suffered from back pain for 18 months, takes opiates for pain management, had back surgery on September 19, 2023, and "missed a lot of dates to follow up" because he was "seeking pain management." *Id.* He also states that he suffers from dementia, and that because of his physical and mental impairments, he could "not respond to the dates related to this appeal." *Id.* He also states that he is homeless. *Id.* In a letter acknowledging the appellant's submission, the Clerk of the Board notified the appellant that his petition for review was untimely filed. PFR File, Tab 2 at 2. The letter explained to the

appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause, and set a deadline for the appellant to file such a motion. *Id.* It also informed the appellant of what he must show in order to establish that his delay in filing was the result of illness. *Id.* at 4 n.1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is untimely filed without good cause shown.

The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). Here, the initial decision was issued on June 8, 2023. ID at 1. Thus, as the administrative judge correctly informed the appellant, he was required to file any petition for review no later than July 13, 2023. ID at 4. The appellant's petition for review of the initial decision was filed on October 19, 2023. PFR File, Tab 1, Tab 2 at 1. As such, we find that his petition for review is untimely filed by 98 days.

The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.113(d), 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is

proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Additionally, as explained above, the appellant asserts on review that his physical and mental health prevented him from complying with the Board's filing deadlines. PFR File, Tab 1 at 3. To establish good cause for an untimely petition for review based on physical or mental illness, an appellant must (1) identify the time period during which he suffered from the illness; (2) submit corroborating evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or request for an extension of time. *Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

We find that the appellant has not established good cause to waive the filing deadline. Although the appellant is proceeding pro se, his 98-day delay in filing is not minimal. *See Gulley v. Department of the Treasury*, 101 M.S.P.R. 48, ¶ 9 (2006) (concluding that an almost 4 month delay is "hardly minimal"); *see also Gaines v. U.S. Postal Service*, 96 M.S.P.R. 504, ¶ 7 (2004) (concluding that a 37-day delay is not minimal). Further, as noted above, in the Clerk of the Board's acknowledgment order informing the appellant that his petition for review was untimely filed, it provided him with what he must show in order to establish good cause for an untimely petition for review if he alleges that his health affected his ability to meet the filing deadline, consistent with Board precedent in *Lacy*. PFR File, Tab 1 at 4 n.1. The appellant filed no subsequent motion to waive or set aside the time limit providing such information.

Although his petition for review identifies his alleged physical and mental health issues, he has not identified the time period during which he was physically or mentally incapacitated and unable to meet the filing deadlines. Regarding his physical health, we acknowledge that, with his petition for review, he submits evidence from a September 19, 2023 medical procedure. PFR File, Tab 3 at 5-6. However, this evidence includes only a description of the procedure itself and does not state that the appellant was physically incapacitated leading up to or following his procedure such that he was prevented from timely filing a petition for review or requesting an extension. Moreover, the appellant's petition for review was due on July 13, 2023, and his medical procedure did not occur until September 19, 2023. ID at 4; PFR File, Tab 1 at 3. He has not explained how any physical limitations inhibited his ability to file his petition for review 2 months before that procedure. Similarly, although the appellant also claims to suffer from dementia, and we acknowledge that dementia is a condition generally regarded as one affecting a person's memory, he has submitted no evidence to support this assertion, nor has he asserted any facts detailing this alleged condition, such as the severity of his condition, how specifically it manifests, or whether it is in early or advanced stages. Ultimately, the appellant has not provided an explanation of how this alleged condition prevented him from filing a timely petition for review.

Where, as here, an appellant fails to provide the information called for in *Lacy*, particularly an explanation of how any physical or mental illness caused the delay in filing, the Board has consistently declined to find good cause for an untimely filing. *See Cameron v. Department of the Navy*, 112 M.S.P.R. 350, ¶ 13 (2009) (finding no good cause shown when a petition for review does not offer any evidence or explanation as to why an appellant's health issues resulted in delay in filing); *Davis v. U.S. Postal Service*, 101 M.S.P.R. 107, ¶ 6 (2006) (finding that an appellant failed to establish good cause for an untimely petition for review when he failed to explain how his mental condition caused his delay in

filing or to submit any documentation in support of his claim), *aff'd*, 192 Fed. App'x 966 (Fed. Cir. 2006). Although we are sympathetic to the appellant's medical conditions, we find that he has not established good cause to waive the filing deadline based on illness.

As noted, the appellant also asserts in his petition for review that he was homeless. PFR File, Tab 1 at 3. However, he has not explained how that situation prevented him from filing a timely petition for review. For instance, he has not alleged that he was unaware of the filing deadline or that he was unable to access a computer or facsimile machine, nor has he alleged that he was unable to travel to a U.S. Postal Service location or any commercial delivery service to submit a petition for review. Indeed, his untimely petition for review appears to have been filed from a commercial business. *Id.* at 1. As such, we find that the appellant failed to establish that he experienced circumstances beyond his control that affected his ability to comply with the time limits. *See Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman*, 68 M.S.P.R. at 62-63.

In sum, although the appellant is acting pro se and we are sympathetic to his alleged medical and living conditions, we find that he failed to establish that he exercised due diligence or ordinary prudence under the circumstances of his case. Accordingly, we dismiss the appellant's petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding his IRA appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.